# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RAINEY, | : | Civil No. 3:20-cv-58 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| CYNTHIA LINK, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Michael Rainey ("Rainey"), an inmate confined at the State Correctional Institution, Rockview, in Bellefonte, Pennsylvania ("SCI-Rockview"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Along with the complaint, Rainey filed a motion (Doc. 8) for leave to proceed *in forma pauperis*. Preliminary review of the complaint reveals that it is in violation of Federal Rule of Civil Procedure 8(a). Review of the complaint also reveals that Rainey improperly includes unrelated claims against multiple Defendants in violation of Rule 20(a)(2). Mindful of the wide latitude given to *pro se* Plaintiffs, the Court will provide Rainey an opportunity to correct these pleading errors by filing an amended complaint which strictly complies with Rule 8 and Rule 20.

## I.      Factual Background

Rainey commenced this action with the filing of a *pro se* complaint on January 7, 2020. (Doc. 1). Named as Defendants are Cynthia Link, Superintendent of the State Correctional Institution, Graterford, Pennsylvania ("SCI-Graterford"); Ms. Wilcox, Unit

Manager at SCI-Graterford; Ms. Holliday, Counselor at SCI-Graterford; Dr. Salameh, physician at the State Correctional Institution, Laurel Highlands; John Wetzel, Secretary of Corrections; Correct Care Solutions, LLC; Richard Ellers, Corrections Health Care Administrator; Elaine Coffman, Nurse at SCI-Rockview; and, Michelle Fisher, Nurse at SCI-Rockview. (*Id.*).

Rainey alleges that on January 18, 2018, he was transferred from SCI-Graterford to SCI-Rockview "for no specific reason at all." (Doc. 1 ¶ 18). He avers that SCI-Rockview is more than four (4) hours from his home and it is difficult for his family members to visit him. (*Id.* at ¶¶ 18, 22).

Rainey next alleges that prison officials at SCI-Rockview attempted to remove his single cell designation, resulting in mental anguish. (*Id.* at ¶ 19). Rainey further alleges that he received inadequate medical care for his kidney disease at SCI-Rockview. (*Id.* at ¶¶ 20, 24).

For relief, Rainey seeks transfer to a correctional facility closer to his home, as well has monetary relief. (Doc. 1, p. 12).

**II.    Discussion**

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. *See* FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and

direct." FED. R. CIV. P. 8(d)(1). These rules task the Plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Rainey's complaint fails to meet these basic pleading requirements. The allegations of the complaint pertain to unrelated events that occurred at two (2) different correctional facilities and involve eight (8) individuals employed at different correctional facilities, as well as Correct Care Solutions, LLC, the entity that provides health care services to inmates.

Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple Defendants may be joined. Rule 18 states that a party "may join . . . as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Thus, when an action involves only one Defendant, a Plaintiff may assert every claim he has against that Defendant, regardless of whether the claims are factually or legally related to one another, subject only to the limits of federal subject-matter jurisdiction. *See* 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1582 (3d ed. 2019); *see also* FED. R. CIV. P. 18(a).

When a Plaintiff seeks to assert claims against *multiple* Defendants, however, Rule 20 also comes into play. *See* WRIGHT & MILLER, *supra*, § 1655. Rule 20 governs

3

permissive joinder of parties and explains that a Plaintiff may only join multiple Defendants in a single case if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a Plaintiff may join multiple Defendants in a single complaint only if he asserts at least one claim linking *all* Defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact. *Id.*; WRIGHT & MILLER, *supra*, § 1655. That is, there must be at least one common claim against all named Defendants. Once a Plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more Defendants, even if those additional claims are unrelated to the common claim linking all Defendants. *See* FED. R. CIV. P. 18(a); WRIGHT & MILLER, *supra*, § 1655.

Rainey's complaint violates Rule 20. The allegations of the complaint do not properly link all Defendants. Rainey first alleges that officials at SCI-Graterford transferred him to SCI-Rockview, causing strain on his family members. (Doc. 1 ¶¶ 18, 22). Next, Rainey alleges that he suffered mental anguish when prison officials at SCI-Rockview attempted to remove his single cell designation. (*Id.* at ¶ 19). Finally, Rainey sets forth claims of inadequate medical care at SCI-Rockview. (*Id.* at ¶¶ 20, 24).

Noncompliance with Rule 20 is particularly problematic in cases under the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA substantially changed judicial treatment of prisoner civil rights actions. Specifically, under the PLRA, the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of independent claims in a civil action without making the required connection among joined Defendants under Rule 20 would circumvent the filing fee requirement of the PLRA.

### III. Conclusion

Rainey will be afforded the opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure. Any amended complaint must comply with both Rule 8 and Rule 20. To the extent Rainey believes he has been subjected to a violation of his rights by a Defendant unable to be joined in this case, Rainey must file separate complaints addressing the separate occurrences.

A separate Order shall issue.

Dated: March 6, 2020

Robert D. Mariani
United States District Judge