**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL RAINEY, | : | Civil No. 3:20-cv-58 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| CYNTHIA LINK, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Michael Rainey ("Rainey"), a state inmate incarcerated in the custody of the Pennsylvania Department of Corrections ("DOC"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). After performing an initial screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), the Court identified several pleading violations in the original complaint and granted Rainey leave to file an amended complaint. (Docs. 10, 11). On March 16, 2020, Rainey filed an amended complaint. (Doc. 12). Named as Defendants are Cynthia Link, the former Superintendent of the State Correctional Institution, Graterford, Pennsylvania ("SCI-Graterford"), Wilcox, a Unit Manager at SCI-Graterford, Holliday, a Counselor at SCI-Graterford, and John Wetzel, Secretary of the Department of Corrections. (*Id.*). Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19). Rainey failed to respond to

Defendants' motion and the time for responding has now passed.[1]  Therefore, the motion is

deemed unopposed and ripe for resolution.  For the reasons set forth below, the Court will

grant the motion.

I.     **Allegations of the Amended Complaint**

Rainey alleges that on January 18, 2018, he was transferred from SCI-Graterford to

the State Correctional Institution, Rockview, Pennsylvania ("SCI-Rockview"), "for no specific

reason at all."  (Doc. 12 ¶ 13).  He contends that SCI-Rockview is more than four (4) hours

away from his home, is outside of his "prison region," and it is difficult for his family

members to visit him.  (*Id.* at ¶¶ 13, 15).  Rainey avers that he was previously a death row

inmate and that his transfer to SCI-Rockview caused mental anguish, and that "it would

have been clear to a lay person, that Mr. Rainey required a secure location close to his

family based upon his previous time on Death Row."  (*Id.* at ¶ 15).  He alleges that staff at

SCI-Rockview "refuse to correct [this] injustice."  (*Id.*).  Rainey further alleges that he

suffered "based upon being prescribed medication for sleep deprivation."  (*Id.* at ¶ 13).

For relief, Rainey seeks transfer to a correctional facility closer to his home region, a

kidney transplant, and monetary relief.  (*Id.* at p. 6).

---

[1]     Rainey was directed to file a brief in opposition to Defendants' motion and was admonished that failure to file an opposition brief would result in Defendants' motion being deemed unopposed.  (Doc. 21) (citing M.D. PA. LOCAL RULE OF COURT 7.6).  (*See also* Doc. 6, Standing Practice Order in Pro Se Plaintiff Cases, at 2).

II.    **Legal Standard**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop.*

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted).  A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint:  First, the court must take note of the
> elements a plaintiff must plead to state a claim.  Second, the court should
> identify allegations that, because they are no more than conclusions, are not

entitled to the assumption of truth.  Finally, where there are well-pleaded
factual allegations, a court should assume their veracity and then determine
whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere
possibility of misconduct, the complaint has alleged - but it has not show[n] - that the
pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks
omitted).  This "plausibility" determination will be a "context-specific task that requires the
reviewing court to draw on its judicial experience and common sense."  *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court
must permit a curative amendment unless such an amendment would be inequitable or
futile."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

[E]ven when plaintiff does not seek leave to amend his complaint after a
defendant moves to dismiss it, unless the district court finds that amendment
would be inequitable or futile, the court must inform the plaintiff that he or she
has leave to amend the complaint within a set period of time.

*Id.*

III.   **Discussion**

A.    **Federal Rules of Civil Procedure 8 and 20**

Rainey's amended complaint appears to contain allegations of distinct acts
committed by disparate parties at different times and at different places, including two

correctional institutions, one of which—SCI-Graterford[2]—is outside of this district.  (Doc. 12).

Moreover, while Rainey named four Defendants in his amended complaint, the body of the

amended complaint does not contain any factual allegations against any of the Defendants.

(*See id.*).

Federal Rule of Civil Procedure 8 establishes the general rules of pleading.  *See*

FED. R. CIV. P. 8.  Rule 8(a) requires a pleading to contain "a short and plain statement of

the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 8(d)(1)

speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and

direct."  FED. R. CIV. P.  8(d)(1).  These rules task the Plaintiff to provide "the defendant

notice of what the . . . claim is and the grounds upon which it rests."  *Phillips*, 515 F.3d at

232 (quoting *Twombly*, 550 U.S. at 555).  This standard requires more than legal labels and

conclusory assertions: a complaint must include enough facts to "raise a right to relief above

the speculative level."  *Twombly*, 550 U.S. at 555.

Rainey's amended complaint fails to meet these basic pleading requirements.  The

amended complaint sets forth conclusory allegations of deliberate indifference but does not

set forth any factual allegations demonstrating constitutional harm.  (*See* Doc. 12).  Rainey

alleges that he suffered mental anguish because he was previously on death row and that

he "suffered" because he was prescribed medication for sleep deprivation.  (*Id.* at ¶ 13).  He

---

[2]    SCI-Graterford closed in 2018 and was replaced by the State Correctional Institution, Phoenix, Pennsylvania.

contends that the alleged constitutional violations occurred at SCI-Graterford, however he also alleges that staff at SCI-Rockview refuse to "correct the injustice," and his allegation regarding the sleep medication appears to have occurred at SCI-Rockview. (*Id.* at ¶¶ 1, 13, 15).

Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple Defendants may be joined. Rule 18 states that a party "may join . . . as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Thus, when an action involves only one Defendant, a Plaintiff may assert every claim he has against that Defendant, regardless of whether the claims are factually or legally related to one another, subject only to the limits of federal subject-matter jurisdiction. *See* 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1582 (3d ed. 2019); *see also* FED. R. CIV. P. 18(a).

However, when a Plaintiff seeks to assert claims against *multiple* Defendants, Rule 20 also comes into play. *See* WRIGHT & MILLER, *supra*, § 1655. Rule 20 governs permissive joinder of parties and explains that a Plaintiff may only join multiple Defendants in a single case if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a Plaintiff may join multiple Defendants in a single

complaint only if he asserts at least one claim linking *all* Defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact. *Id.*; WRIGHT & MILLER, *supra*, § 1655. That is, there must be at least one common claim against all named Defendants. Once a Plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more Defendants, even if those additional claims are unrelated to the common claim linking all Defendants. *See* FED. R. CIV. P. 18(a); WRIGHT & MILLER, *supra*, § 1655.

Rainey's amended complaint violates Rule 20. The amended complaint does not set forth any factual allegations against the Defendants and thus does not properly link all Defendants. Rainey first alleges that officials at SCI-Graterford transferred him to SCI-Rockview, causing him mental anguish and causing strain on his family members. (Doc. 12 ¶¶ 13, 15). Next, Rainey alleges that he suffered after being prescribed medication for sleep deprivation. (*Id.* at ¶ 13). Given that the alleged acts appear to have been committed by disparate parties at different times, at different correctional institutions, and do not arise out of the same transaction, occurrence, or series of transactions or occurrences, the Court will dismiss the amended complaint. Beyond this threshold concern, the Court finds that there are separate, and independent, substantive flaws with Rainey's claims. These deficiencies are discussed below.

**B.      Lack of Personal Involvement**

In order to state an actionable civil rights claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003).  Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible.  *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08.  Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement.  *Rode*, 845 F.2d at 1208.

A review of the amended complaint confirms that other than being listed as Defendants, there exist no factual averments relating to any of the Defendants in the body of the amended complaint. (*See* Doc. 12). The allegations of the amended complaint are devoid of any factual averment that identifies any Defendant engaged in misconduct, or how each Defendant was involved in the alleged wrongdoing. This style of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief. *Hudson v. City of McKeesport*, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case).

Regarding all Defendants—former Superintendent Link, Unit Manager Wilcox, Counselor Holliday, and Secretary Wetzel—Rainey simply fails to identify the particular conduct of each Defendant that is alleged to have violated his rights. For instance, Rainey does not provide any basis to show how the Defendants were responsible for his transfer to a different facility or that they were involved in the decision to prescribe sleep medication.

Furthermore, with respect to Cynthia Link, the former Superintendent of SCI-Graterford, a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *See Rode*, 845 F.2d at 1207. Additionally, any attempt by Rainey to hold Defendant Link and Defendant Wetzel, the Secretary of the DOC, liable for the actions of their subordinates is essentially an assertion of *respondeat superior* liability which seeks to hold these Defendants liable based on their supervisory roles. This ground

9

of constitutional liability has been squarely rejected by the courts.  *See Rode*, 845 F.2d at
1207.

The Court finds that Rainey's amended complaint is bereft of any allegations
identifying how any of the Defendants were personally involved in the alleged constitutional
deprivations.  Accordingly, Defendants' motion to dismiss will be granted on this ground.

### C.   Eighth Amendment Conditions of Confinement Claim

Rainey alleges that his "random[ ]" transfer from SCI-Graterford to SCI-Rockview
constituted cruel and unusual punishment in violation of his Eighth Amendment rights.
(Doc. 12 ¶¶ 13, 15).  In order to state an Eighth Amendment conditions of confinement
claim, a plaintiff must establish both that he has been denied "the minimal civilized measure
of life's necessities" and that defendants had a "sufficiently culpable state of mind."  *Farmer
v. Brennan*, 511 U.S. 825, 834 (1994).  To violate the Eighth Amendment's prohibition of
cruel and unusual punishment, conditions cited by an inmate must be "objectively,
sufficiently serious [and] must result in the denial of the minimal civilized measure of life's
necessities."  *Id.* at 834 (internal citation and quotation omitted).  Only "extreme
deprivations" are sufficient to make out a conditions of confinement claim.  *Hudson v.
McMillen*, 503 U.S. 1, 8-9 (1992).  A plaintiff must prove that the deprivation is sufficiently
serious when viewed within the context of "contemporary standards of decency."  *Helling v.
McKinney*, 509 U.S. 25, 36 (1993).

Rainey failed to allege that his transfer from SCI-Graterford to SCI-Rockview

deprived him of the "minimal civilized measure of life's necessities," or that the conditions at

SCI-Rockiew were so reprehensible as to be deemed inhumane under "contemporary

standards of decency." *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 36.  Indeed, Rainey

does not set forth a single allegation regarding the conditions at SCI-Rockiew.  Instead, he

merely takes issue with his transfer to a facility that is not close to his family.  It is well-

settled that inmates do not have a liberty interest in a transfer to a more desirable

institutional setting.  *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983).  Additionally,

Rainey failed to establish that any of the Defendants acted with deliberate indifference.

Thus, his claim fails.  Because Rainey failed to establish that Defendants acted with

deliberate indifference by transferring him to a different facility, the Court will grant

Defendants' motion to dismiss on this ground as well.

## IV.    *Leave to* Amend

When a complaint fails to present a prima facie case of liability, district courts must

generally grant leave to amend before dismissing the complaint.  *See Grayson v. Mayview

State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d

Cir. 2000).  Specifically, the Third Circuit Court of Appeals has admonished that when a

complaint is subject to dismissal for failure to state a claim, courts should liberally grant

leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515

F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  For the reasons set

forth above, Rainey's claims are legally and factually flawed; thus, the Court concludes that curative amendment would be futile. Because the Court finds that any amendment would be futile, Rainey will not be permitted leave to file a second amended complaint.

## V.  Conclusion

The Court will grant Defendants' motion (Doc. 19) to dismiss.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: February ___, 2021